Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN LOPEZ

        Plaintiff

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
DETECTIVE RICARDO BOCACHICA (SHEILD #919)

        Defendants

**14 CV 1660**

CIVIL ACTION:

VERIFIED COMPLAINT
JURY CLAIM
AS TO ALL COUNTS

---

### INTRODUCTION

Christian Lopez [hereinafter "Lopez"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest
2. Violation of 42 U.S.C. 1983: False Imprisonment
3. Violation of 42 U.S.C. 1983: Malicious Prosecution
4. Intentional Infliction of Emotional Distress
5. Violation of 42 U.S.C. 1983: Conspiracy
6. Negligence

### JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Christian Lopez ["Lopez"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendant Detective Ricardo Bocachica (hereinafter "Bocachica") is an employee of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**FACTS**

10. On September 10, 2010 at approximately 4:00pm, Lopez was outside talking on his phone in front of a building located at 1175 East 229th Street, in the county of the Bronx.

11. Lopez was accompanied by his older brother, Nicky Cruz, and his two young minor nieces, Kiara Padilla and Faith Cruz.

12. Lopez was about to visit his friend who lived in apartment 6D of the above referenced residence at the time in question.

13. As he talked on the phone, Lopez noticed three police officers of the NYPD run past him, but did not pay attention to where they were going or what they were doing, as Lopez was doing nothing illegal.

14. However, shortly after passing him, two of the three officers ran back to where Lopez was standing, approached him, and began to search him. One of the officers presumably being Bocachica.

15. As the aforementioned officers of the NYPD searched Lopez, they threw him viciously to the ground, despite Lopez not resisting the search.

16. Lopez's brother, Nicky Cruz, inquired as to why Lopez was getting arrested, to which the officers of the NYPD crudely responded "back the 'eff' off" and "shut the effing kids up!" referring to Lopez's nieces.

17. Once handcuffed Lopez was forcibly pulled off the ground by the NYPD officers by the tightly bound handcuffs around Lopez's wrists and placed in a police van despite no contraband being found on or in and around his person.

18. Lopez was placed in the back of the police van with a strange derelict woman he believed to be a "crack head", and began crying due to the trauma of what he was experiencing.

19. Lopez was ultimately brought to the 47th Precinct in Bronx County.

20. After being fingerprinted, Lopez eventually left the 47th Precinct and was brought to Central Booking where he was arraigned in Bronx Criminal Court and charged with felony level possession of a controlled substance.

21. Bail was set at arraignments at $125,000.00; an amount Lopez could not pay.

22. Consequently Lopez remained incarcerated for seven (7) days at Riker's Island where he was assaulted by other inmates and subjected to viewing incidents where other inmates were stabbed and cut by other inmates. Bail was ultimately lowered and Lopez was released upon his family paying the bail.

23. After months of court appearances without a disposition or hearing/trial, Lopez finally had a hearing lasting December 10-12, 2012 to determine the probable cause of the arrest of Salgado.

24. On December 17, 2012 Hon. Caesar Cirigliano issued his decision; stating that the Court was "compelled to dismissed(sic) all charges against these defendants as charged under indictment 2317/2011".

25. Consequently Lopez's criminal case was dismissed on April 10, 2013.

### COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST

26. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

...
...
...

28. Acting under color of law, Defendant's engaged in a denial of Lopez's rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

29. There was no probable cause for the September 10, 2010 arrest and incarceration of Lopez and as a result his constitutional rights were violated.

30. As a result of the Defendant's unlawful and malicious action Lopez was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

## COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT

31. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above with the same force and effect as if herein set forth.

32. As a result of the unlawful and malicious arrest of Lopez for which there was no probable cause, Lopez was incarcerated for 7 days without justification or consent, whereby Defendants deprived Lopez of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

33. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. Defendants, intentionally and maliciously, instituted and pursued a criminal action against Lopez that was brought without probable cause and was dismissed in Lopez's favor.

35. As a result of the concerted unlawful and malicious prosecution of Lopez, the Defendant's deprived Lopez of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above with the same force and effect as if herein set forth.

37. Defendants intentional and reckless conduct resulted in the extended incarceration of Lopez.

38. The failure of the Defendants to properly investigate the incident was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by Lopez due to his wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

39. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of Lopez.

41. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

42. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

43. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

44. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-43 above, Plaintiff suffered loss of physical liberty, loss of income and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 6: NEGLIGENCE**

45. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

47. Defendants breached that duty to Lopez when they arrested him for felony possession of a controlled substance when there was, admittedly, no probable cause sufficient to support a finding that Lopez committed this, or any other, crime associated with this incident.

48. As a result of the breach, which were the actual and proximate cause of Lopez's injury, Lopez suffered harm and damages.

49. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,

Christian Lopez
By his attorney
February 14, 2014

_____
Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____
CHRISTIAN LOPEZ

Subscribed and sworn to before me, this \_\_th day of February 2014

_____
Notary Public

ELLIOT S KAY
Notary Public - State of New York
NO. 02KA6234193
Qualified in Westchester County
My Commission Expires 1-31-15

# EXHIBIT A

## § 160.50 Release

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Christian Lopez, Date of Birth 05/09/1993, SS# 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, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled **People of the State of New York v.** Christian Lopez, Docket No. or Indictment No. 2010BX057773, in Supreme Court, County of The Bronx, State of New York, relating to my arrest on or about 9/10/10, may be made available for use in Civil Action Christian Lopez v. The City of New York, et al. (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK  )
                   : SS.:
COUNTY OF          )

On this 14th day of February, 2014, before me personally came Christian Lopez to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ELLIOT S KAY
Notary Public - State of New York
NO. 02KA6234193
Qualified in Westchester County
My Commission Expires 1-31-15

May 18, 2011