```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-10-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTIAN LOPEZ,

                    Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, and DETECTIVE
RICARDO BOCACHICA (SHIELD # 919),

                    Defendants.
-----------------------------------------------------------x

                              14-cv-1660 (PKC)

                              MEMORANDUM
                              AND ORDER

CASTEL, U.S.D.J.

        Christian Lopez brings this action against the City of New York ("City"), the New

York City Police Department ("NYPD"), and its employee, Detective Ricardo Bocachica.  He

alleges that Bocachica and another police officer brutally arrested him, without probable cause,

leading to his imprisonment and prosecution on charges that were eventually dismissed.  Lopez

asserts four claims under 42 U.S.C. § 1983 and two claims under New York state law.

        The City now moves to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R.

Civ. P., for failure to state a claim for relief.  For the reasons discussed, the motion is granted.


BACKGROUND

        The following facts are taken from the complaint, and are accepted as true for the

purposes of this motion.  On September 10, 2010, at 4 p.m., as he stood with his brother and

nieces talking on his phone in front of the building where his friend lived, in the Bronx, Lopez

was approached by Detective Bocachica and another police officer.  (Compl. ¶¶ 10–14.)  The

officers searched him, "viciously" throwing him to the ground, but did not find any contraband.

(Compl. ¶¶ 14, 15, 17.)  They then arrested him and brought him to the police station, where he

was fingerprinted.  (Compl. ¶¶ 17–20.)  He was arraigned in Bronx Criminal Court, and charged

with felony level possession of a controlled substance.  (Compl. ¶ 20.)  He was incarcerated for

seven days and then released on bail.  (Compl. ¶ 22.)  On or about July 28, 2011, a grand jury

returned an indictment against Lopez in Supreme Court, Bronx County, charging him with

criminal sale of cocaine and criminal possession of cocaine.  (Compl. ¶ 24; People v. Salgado

and Lopez, Indictment No. 2317-11, Sup. Ct., Bronx Cnty.)  Charges remained pending against

him until his case was finally dismissed on April 10, 2013.  (Compl. ¶ 23–25.)

Lopez, represented by counsel, filed his complaint on March 11, 2014.  (Dkt. No.

1.)  The City moved to dismiss on July 30, 2014.  (Dkt. No. 8.)  The motion was fully briefed as

of August 29, 2014.  (Dkt. Nos. 9, 12, 13.)

DISCUSSION

I.      Standard Governing Motions to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The

plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully."  Id.  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of

action" are insufficient to state a claim.  Id.

On a motion to dismiss, the Court is limited to facts as stated in the complaint, but it may consider exhibits or documents incorporated by reference without converting the motion into one for summary judgment.  See Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995).

II.     Claims against the NYPD

The NYPD is not a juridical entity separate from the City of New York.  It is a non-suable agency of the City.  See N.Y. City Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of city of New York and not in that of any agency, except where otherwise provided by law.").  At the outset, then, Lopez's claims against the NYPD must be dismissed.  See Jenkins v. City of N.Y., 478 F.3d 76, 93 n.19 (2d Cir. 2007) (approving the district court's conclusion that the NYPD is non-suable).

III.    Section 1983 Claims

   A. Against Bocachica

Lopez has withdrawn his false arrest and false imprisonment claims, conceding that they are time-barred.  (Opp'n 1.)  His remaining section 1983 claims are for malicious prosecution and conspiracy.

A section 1983 claim for malicious prosecution requires a showing of "conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty."  Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003).  The elements of malicious prosecution under New York law are the commencement of a criminal proceeding that terminates in favor of the accused, brought without probable cause and out of actual malice. Martinez v. City of Schenectady, 761 N.E.2d 560, 564 (N.Y. 2001).

A grand jury indictment, however, creates a presumption of probable cause. Colon v. New York, 455 N.E.2d 1248, 1250 (N.Y. 1983).  That presumption holds even if the indictment was subsequently dismissed, Eisenkraft v. Armstrong, 567 N.Y.S.2d 840, 841 (2d Dep't 1991), and may only be rebutted by evidence "that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  Colon, 455 N.E.2d at 1251.

The complaint alleges that an indictment was returned by the grand jury but was eventually dismissed.  (Compl. ¶ 24.)  The indictment creates a presumption of probable cause that no allegation in the complaint adequately rebuts.  While Lopez does claim that he was brutalized, he does not contend, for instance, that Bocachica lied to the grand jury or otherwise acted in bad faith to procure his indictment.  Since lack of probable cause is an essential element of malicious prosecution, that claim must be dismissed.

The conspiracy claim fares no better.  A section 1983 conspiracy claim must allege "(1) an agreement between two or more state actors . . . ; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).  "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct."  Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (quoting Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir. 1993)).  Specifically, a complaint "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve

the unlawful end." Webb v. Gourd, 340 F.3d 105, 110 (2d Cir. 2003) (discussing conspiracies under 42 U.S.C. § 1985).

By this standard, Lopez's conspiracy allegations are inadequate.  Besides simply asserting that "the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of Lopez," (Compl. ¶ 41), the complaint alleges amorphously that defendants should have had knowledge of the wrongs about to be committed, and failed to prevent or ratified those wrongs.  (Compl. ¶¶ 42–44.)  Beyond their complete lack of supporting factual detail, these allegations fail because they appear to claim that the City acquiesced in Bocachica's conduct, rather than that there was any meeting of the minds between the City, Bocachica, or any other coconspirators.  Thus, Lopez's conspiracy claim must also be dismissed.

   B.  Against the City

A municipality may be held liable under section 1983 only if the plaintiff's injury is the result of municipal policy, custom, or practice.  Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  It may not be held liable solely "by application of the doctrine of respondeat superior."  Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986).  Generally, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."  DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).  Municipal inaction, however, can be the basis for section 1983 liability, if a plaintiff demonstrates that the failure to act amounts to "deliberate indifference" to the constitutional rights of others.  City of Canton v. Harris, 489 U.S. 378, 392 (1989).  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  Connick v. Thompson, __ U.S. __, 131 S. Ct. 1350, 1360

(2011) (quoting Bd. of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997)).  To

prevail on a section 1983 claim premised on municipal inaction, a plaintiff must show "that a

policymaking official had notice of a potentially serious problem of unconstitutional conduct,

such that the need for corrective actions or supervision was obvious, and the policymaker's

failure to investigate or rectify the situation evidences deliberate indifference, rather than mere

negligence or bureaucratic inaction."  Amnesty America v. Town of W. Hartford, 361 F.3d 113,

128 (2d Cir. 2004).

        Lopez does not allege that his arrest and prosecution were the result of an official

policy or part of a widespread pattern of unconstitutional conduct that would constitute a

municipal custom.  He does allege, however, that "[d]efendants had power to prevent or aid in

preventing the commission of said wrongs . . . and failed to do so," and that "[d]efendants . . .

approved or ratified the unlawful . . . conduct heretofore described."  (Compl. ¶¶ 42, 43).  This

can fairly be read as an allegation that the City deliberately failed to supervise and discipline the

primary wrongdoers.  See Amnesty America, 361 F.3d at 127–29 (reversing the district court's

grant of summary judgment to municipal defendants on a section 1983 claim based on failure to

supervise).  But a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (alteration in

original).  Lopez has not provided any factual detail supporting an inference that a City

policymaker knew of Bocachica's conduct or of similar conduct by other City employees, and

failed to act in the face of that knowledge.  Conclusory, boilerplate allegations such as these are

not entitled to the presumption of truth afforded factual allegations on a motion to dismiss.  See

Iqbal, 556 U.S. at 662 ("The tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions."). Accordingly, Lopez's section 1983 claims against the City must be dismissed.

IV.     State Law Claims

The complaint also contains claims of intentional infliction of emotional distress ("IIED") and negligence against Bocachica and the City. These fail, however, because Lopez did not comply with New York's notice of claim requirements.

"[I]n a federal court, state notice-of-claim statutes apply to *state*-law claims." Hardy v. N.Y. City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (citing Felder v. Casey, 487 U.S. 131, 151 (1988)) (emphasis in original). New York law requires that plaintiffs asserting a tort claim against a municipality file a notice of claim within ninety days after the claim arises. N.Y. Gen. Mun. Law §§ 50-e(1)(a), 50-i(1); see also Rapoli v. Village of Red Hook, 836 N.Y.S.2d 700, 700–01 (2d Dep't 2007) (applying the notice of claim requirement to a claim for IIED). The requirement also applies to claims against New York City employees. N.Y. Gen. Mun. Law § 50-k(6). Failure to file a notice of claim ordinarily requires dismissal of the cause of action. Davidson v. Bronx Mun. Hosp., 473 N.E.2d 761, 763 (N.Y. 1984); Hardy, 164 F.3d at 794. Lopez has not alleged that he filed a notice of claim, nor has he responded to the City's argument that he failed to file one. This requires dismissal of Lopez's state law claims as procedurally barred.

Even were that not the case, though, they would fail on the merits. Lopez's negligence claim is couched in terms of a breach of defendants' duty to arrest and prosecute suspects only on probable cause. (Compl. ¶¶ 46–47.) But New York does not recognize negligence claims premised on wrongful arrest, imprisonment or prosecution. See Greer v. Nat'l

Grid, 934 N.Y.S.2d 427, 428 (2d Dep't 2011) ("[A]s a matter of public policy, New York does

not recognize a cause of action to recover damages for negligent prosecution."); Higgins v. City

of Oneonta, 617 N.Y.S.2d 566, 568 (3d Dep't 1994) (barring plaintiff's negligence action and

stating that "a party seeking damages for an injury resulting from a wrongful arrest and detention

is relegated to the traditional remedies of false arrest and imprisonment").  Construing Lopez's

negligence claim liberally to include his allegation that NYPD officers threw him to the ground

does not save it, because New York law bars negligence claims based on allegations of excessive

force.  See Smiley v. N. Gen. Hosp., 872 N.Y.S.2d 456, 457 (1st Dep't 2009) ("It is well settled

that once intentional offensive contact has been established, the actor is liable for assault and not

negligence inasmuch as there is no such thing as a negligent assault." (internal quotation marks

omitted)).

　　　　Similarly, New York law considers IIED "a theory of recovery that is to be

invoked only as a last resort," McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc., 682 N.Y.S.2d

167, 169 (1st Dep't 1998), and requires dismissal of an IIED claim based on conduct that "falls

within the ambit of other traditional tort liability."  Herlihy v. Metro. Museum of Art, 633

N.Y.S.2d 106, 114 (1st Dep't 1995) (citing Fischer v. Maloney, 373 N.E.2d 1215, 1217 (N.Y.

1978)); see also Rodgers v. City of N.Y., 966 N.Y.S.2d 466, 469 (2d Dep't 2013) (dismissing an

IIED claim as duplicative of the plaintiff's false arrest, false imprisonment, and malicious

prosecution claims).  The conduct underlying Lopez's IIED claim is entirely embraced by the

traditional tort claims of false arrest, false imprisonment, malicious prosecution, and battery.

Consequently, the claim must be dismissed.

CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (Dkt. No. 8) is

GRANTED. The Clerk shall enter judgment for the defendants.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      October 10, 2014